LOUIS H. SALTZMAN and Another, Respondents, *v.* ROBERT MOSES, Commissioner of Parks of the City of New York, and Another, Appellants.

First Department, May 1, 1936.

*William C. Chanler* of counsel [*William S. Gaud, Jr.*, with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the appellants.

*Stanley J. Harte*, for the respondents.

*W. B. Roulstone*, as *amicus curiæ*.

PER CURIAM. Although prior to the recent enactment of the amendment of the statute governing the administration of the park department (Laws of 1934, chap. 2), the former law (Greater N. Y. Charter, § 611, repealed by Laws of 1934, chap. 2, § 7) provided for a landscape architect " skilled and expert," whose assent was required to all plans and works or changes respecting the development and improvement of the parks, through such amendment under the present law (*supra*) this restraint is removed. By that amendment, too, the former board of park commissioners is abolished and the sole commissioner of parks exercises its former power and discretion alone and unaided by official consultation or advice. We find, therefore, that the legislative grant now effective gives power to the commissioner to raze or remove for other park purposes buildings which have been erected solely as incidental to park uses, such as restaurants, baths, boathouses and similar structures, and that such changes will not be supervised by the judicial power unless palpably indicated as abusive of the granted discretion. Nor will the wisdom of erecting a playground at a precise site be considered here. Remedy for a course of conduct calculated to destroy existing values lies in removal of the incumbent or legislative regulation by the State or the municipality, providing for a board or body whose action will be more conservative and deliberate.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Present — MARTIN, P. J., McAVOY, O'MALLEY, TOWNLEY and GLENNON, JJ.; O'MALLEY, J., concurs in result.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.