James F. Niehoff, J.
In this proceeding pursuant to CPLR article 78, judgment is granted in favor of respondents dismissing the petition.
*699 Petitioner seeks to prohibit respondent, Jones Beach State Parkway Authority and its members, from increasing the toll on the Southern State Parkway from 10 cents to 25 cents. He brings this proceeding individually, and as president of the New York State Parkway Police Benevolent Association of Long Island, Inc. Respondents’ threshold argument is that petitioner is not aggrieved by respondents’ action and, therefore, lacks standing to maintain the proceeding. It is clear, that in his capacity as president of the association, petitioner has no standing. There is no way that the association is aggrieved by the increase in tolls. Individually, petitioner alleges that he is a user of the 'Southern State Parkway who will be affected by having to pay a higher toll. Although it is true, as urged by respondents, that petitioner might avoid payment of the toll by using another road, this court is of the view that a user of the parkway is an aggrieved person and, for that reason, will not dismiss this proceeding for lack of standing but will determine the matter on its merits.
Respondent, Jones Beach State Parkway ■ Authority, was created by 'chapter 70 of the Laws of 1933. Its powers have been amended from time to time and in 1953, section 153-b of the Public Authorities Law ,was enacted. Under the terms of that statute the authority was given the power to “ reconstruct, widen and otherwise improve and thereafter maintain, reconstruct and operate ’ ’ .a portion of the Southern State Parkway (§ 153-b, subd. 2). It was additionally empowered to charge tolls for the use of the portion of the Southern State Parkway improved by it. The statute declares that the toll shall be 10 cents £l£ .unless the revenues from .such tolls and the income from the facilities authorized * * * are insufficient to meet all obligations of such agreements [with bondholders] and to pay the costs of operating and maintaining the parkways and facilities Operated and maintained by the authority ” (§ 153-ib, subd. 6). The authority has concluded that major repairs, replacement and reconstruction work must be done upon the parkway. In order to determine the magnitude of a toll increase needed to provide sufficient revenues to pay for normal operating and maintenance expenses, debt service and the contemplated major capital improvements, the authority requested a study of traffic, tolls, revenues and expenses to be made by an independent agency. On the strength of that report the authority has concluded that the toll should be raised to 25 cents in order to pay current costs and meet the costs of the additional work.
*700 Petitioner contends that- respondent is without the power to raise the toll for a new project not specifically included within the 1953 legislation. He argues ¡further that even if the authority has the power it cannot exercise that power without a showing that it is necessary.
In the opinion of this court, the statute (Public Authorities Law, § 153-th) is broad enough to confer upon the respondent authority the power to take the action here challenged. The statute not only authorized" the initial reconstruction and widening but it also provided that the authority “ thereafter maintain, reconstruct and operate ” the parkway. It has been held that the Jones Beach State Parkway Authority has been given the power to exercise judgment and discretion not only as to the nature of improvements to he made hut also as to all details of the toll charge permitted by the statute (Matter of Love, 133 N. Y. S. 2d 86, 88). "Where a legislative grant has been given to an agency, the courts will not interfere with its exercise of discretion (Meyers v. New York State Div. of Housing & Community Renewal, 36 A D 2d 166, 170, 171) unless there is a palpable abuse of discretion. (Salzman v. Moses, 247 App. Div. 343.) There is no showing here that respondents have acted in violation of any constitutional mandate. Therefore, this court may not review its actions. (Gaynor v. Rockefeller, 15 N Y 2d 120, 131.)